**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nucor Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Employers Insurance Company of Wausau, a Wisconsin corporation,<br><br>Defendant. | No. CV-12-678-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Remand (Doc. 15). For the reasons discussed below, Plaintiff's motion is denied.

**BACKGROUND**

For a period of time in the 1960s, Plaintiff Nucor Corporation owned and operated a facility on West Osborn Road in Phoenix, Arizona (the "West Osborn Complex") where it manufactured electronic components. As part of its manufacturing process, Nucor used a solvent called trichloroethylene ("TCE") to clean and degrease machinery.

During the 1980s, TCE was discovered in groundwater in the west-central area of Phoenix, Arizona. As a result, four different actions have been filed against Nucor by parties claiming to have been affected by Nucor's use of TCE. The first three suits were

filed in the 1990s. The fourth suit, which is the subject of the instant coverage action, was filed in 2010 by the Roosevelt Irrigation District against Nucor and three other defendants.

Nucor had purchased general liability insurance from several insurers, including Defendant Employers Insurance Company of Wausau ("Wausau"). Wausau apparently agreed to defend or indemnify Nucor in two of the three suits brought against Nucor in the 1990s, and approved of Nucor's retention of Fennemore Craig as counsel in these two actions. In 1997, Nucor filed a coverage action against Wausau and its other insurers in Arizona Superior Court in which Wausau filed cross-claims against the other insurers (the "First Coverage Action"). The First Coverage Action progressed through various stages over the next 13 years, and by 2010, the Superior Court had issued final judgments with respect to all the claims and cross claims. Nucor, Wausau, and one of the other insurers have since appealed the First Coverage Action, and this appeal is pending in Arizona state court. The issues appealed include whether Wausau's duty to defend was independent from that of the other insurers and whether the defense costs incurred by Nucor were reasonable.

On February 9, 2010, the Roosevelt Irrigation District ("RID") filed its complaint against Nucor in the U.S. District of Arizona, alleging that Nucor's disposal of TCE at the West Osborn Complex had contaminated some of the RID's wells. Wausau apparently agreed to defend and/or indemnify Nucor for this lawsuit.

On February 22, 2012, Nucor filed its Complaint in the instant action in Maricopa County Superior Court, bringing claims against Wausau for declaratory relief, breach of

contract, and bad faith. (Doc. 1-1). In the Complaint, Nucor alleges, among other things, that Wausau has refused to indemnify Nucor's counsel at the rate established in the First Coverage Action, has marked down various defense expenses, and has attempted to appoint counsel different than Nucor's chosen counsel. (*Id.*). On February 24, 2012, Nucor served the Complaint on the Director of the Arizona Department of Insurance ("ADOI"), Wausau's statutory agent for service of process. The DOI forwarded the Complaint to Wausau, which received the Complaint on February 28, 2012.

On March 29, 2012, exactly 30 days after receiving the Complaint, Wausau removed the action to this Court.[1] Nucor now moves to remand this case to state court.

## DISCUSSION

### I. *Brillhart* Abstention

Nucor first contends that the Court should remand this action to the state court pursuant to the *Brillhart* abstention doctrine. In *Brillhart v. Excess Ins. Co. of America*, the Supreme Court held that a federal court's jurisdiction over a declaratory judgment claim is discretionary, not obligatory. 316 U.S. 491, 494–95 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act it was under no compulsion to exercise that jurisdiction.") (internal citation omitted). The Supreme Court recently reaffirmed this doctrine:

---

[1] Due to an apparent technical glitch, the Notice of Removal had to be re-filed on March 30. A temporary case number for this action, however, was assigned on March 29, the filing fee was accepted by the Court on March 29, and the Notice of Removal was filed in state court on March 29. (Doc. 26 at 17; Doc. 26, Ex. 2). Moreover, Defendant has provided affidavits which establish that on March 29, Defendant's counsel believed in good faith that it had completed the process of filing the Notice of Removal in this Court. (Doc. 26, Exs. 2, 3).

- 3 -

> [A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). This abstention doctrine typically applies only where parallel proceedings are pending in state court. *See Wilton*, 515 U.S. at 290 ("[T]he District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (stating that "there is no presumption in favor of abstention in declaratory actions generally" but that "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court"). In addition, "when other claims are joined with an action for declaratory relief (e.g., *bad faith, breach of contract*, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Id.* (emphasis added). "Because claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action." *Id.* at 1225 n. 6. *See also Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) ("Even if the district court had refrained from

exercising its jurisdiction over [the defendant's] declaratory relief counterclaim, the district court still would have had to exercise its diversity jurisdiction over [the plaintiff's] bad faith suit.").

The Ninth Circuit has carved out a small exception to this general rule. In *Employers Reinsurance Corp. v. Karussos*, a plaintiff filed a claim for declaratory relief in federal court while related claims were pending in state court. 65 F.3d 796 (9th Cir. 1995), *overruled on other grounds by Dizol*, 133 F.3d 1220. The Ninth Circuit determined that the district court should remand the action even though the plaintiff had, in connection with its declaratory relief claim, requested monetary relief, holding that "simply asking for a share of the defense costs to date" does not "transform[ ] a declaratory relief action over which jurisdiction is discretionary into a case which the district court is obligated to hear." *Id.* at 801. Similarly, in *Golden Eagle Ins. Co. v. Travelers Companies*, the Ninth Circuit held that a plaintiff's requests for contribution and indemnification in connection with its declaratory relief claim did not affect the discretionary nature of the court's jurisdiction over the claim. 103 F.3d 750, 755 (9th Cir. 1996), *overruled on other grounds by Dizol*, 133 F.3d 1220. The court explained that where a "request for monetary relief is wholly dependent upon a favorable decision on its claim for declaratory relief . . . . [t]he action is plainly one for declaratory relief." *Id.*

Nucor seizes upon this "wholly dependent" language, arguing that its breach of contract and bad faith claims are ultimately dependent on any declaratory relief granted by the Court and therefore that the Court's jurisdiction over the entire action is discretionary. (Doc. 27 at 2–3). The Ninth Circuit has specified, however, that the

exception carved out in *Karussos* and *Golden Eagle* applies only where the non-declaratory relief claims "would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1168 (9th Cir. 1998). In other words, where non-declaratory relief claims "could be litigated in federal court even if no declaratory claim had been filed," the *Brillhart* abstention doctrine does not apply. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001). In this case, Nucor's breach of contract and bad faith claims could be litigated in federal court on diversity jurisdiction grounds even if Nucor had not filed its declaratory judgment claim. The Court will not, therefore, depart from the general rule that "when other claims are joined with an action for declaratory relief . . . the district court should not . . . remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d 1220, 1225.

To be sure, in 1997 when this issue was raised and then appealed in the First Coverage Action, the Ninth Circuit stated, citing *Golden Eagle*, that the district court could decline to exercise jurisdiction over Nucor's contract and bad faith claims because they were "'wholly dependent' upon the outcome of the action for declaratory relief." *Nucor Corp. v. Aetna Cas. & Sur. Co.*, 110 F.3d 69 (Table), 1997 WL 151726, at *1-2 (9th Cir. 1997). The Ninth Circuit's decision in that action, however, is unpublished, and as such does not weigh strongly in the Court's decision. *See* U.S. Ct. of App. 9th Cir. Rule 36-3(a), (c) (holding that "[u]npublished dispositions and orders of this Court are not precedent" and that "[u]npublished dispositions and orders issued before January 1, 2007 may not be cited to the courts of this circuit"). Moreover, the decision in that action

was issued prior to the Ninth Circuit's determination in *Dizol* that "the district court is without discretion" to remand "claims of bad faith [or] breach of contract." 133 F.3d at 1225 n. 6. The Ninth Circuit's holding in the First Coverage Action was also issued prior to the circuit's clarification in *Snodgrass* and *R&D Latex* that a district court's jurisdiction over non-declaratory relief claims is only discretionary where those claims would not continue to exist without the declaratory relief claim. *See Snodgrass*, 147 F.3d at 1168; *R&D Latex*, 242 F.3d at 1113. Accordingly, the Court will apply the rule as specified in *Dizol*, *Snodgrass*, and *R&D Latex*, and not as applied in the First Coverage Action.[2]

## II. *Colorado River* Doctrine

Nucor next contends that the Court should remand this action pursuant to the *Colorado River* doctrine. (Doc. 15 at 13). Considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may, in appropriate cases, result in a federal court dismissing or staying litigation when there is concurrent state court litigation involving the same matter. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court has counseled, however, that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *id.*, and that the

---

[2] Nucor provides several district court opinions for the proposition that *Drizol* and its progeny did not change the law. The Court does not find these opinions persuasive. Not only are none of these cases from this District, but they are distinguishable factually from the instant case. For instance, in *Standard Fire Ins. Co. v. Olsen*, the case which Nucor cites most frequently, the plaintiff requested monetary relief, but its sole claim in federal court was for declaratory judgment, as the plaintiff had brought its breach of contract and bad faith claims in a parallel state-court action. CV 10-00056 JF PVT, 2010 WL 1689444 (N.D. Cal. Apr. 26, 2010).

doctrine of *Colorado River* should be invoked only in "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). In particular, the *Colorado River* doctrine is not to be invoked unless the concurrent state litigation will result in complete resolution of the issues between the parties:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. *If there is any substantial doubt as to this*, it would be a serious abuse of discretion to grant the stay or dismissal at all . . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (emphasis in original) (quoting *Moses H. Cone*, 460 U.S. at 943).

In this case, the state-court's resolution of the First Coverage Action will not completely resolve the more recent dispute between Nucor and Wausau. As discussed above, the First Coverage Action involves disputes that arose between the Parties regarding Wausau's obligation to defend Nucor in suits filed against Nucor in the 1990s. The instant coverage action, on the other hand, is a dispute between the Parties regarding Wausau's obligation to defend Nucor against claims brought against Nucor by RID in 2010. The instant action involves several issues not raised in the First Coverage Action, such as whether Nucor has a right under its Policy to select defense counsel and whether Wausau's obligation to defend Nucor in the RID suit is independent from the obligation of any other insurer. (Doc. 1-1, Ex. A, ¶ 67). Nucor does not contest Wausau's assertion

that these issues will not be resolved by the state-court action. The Court will not, therefore, stay or dismiss this action pursuant to the *Colorado River* doctrine.

### III. Timeliness

Lastly, Nucor contends that the Court should remand this action because Wausau filed its Notice of Removal after the 30-day statutory period for removal. Arizona Revised Statutes ("A.R.S.") § 20-221(A) states that "[e]ach [ ] foreign or alien insurer shall appoint the director [of the Arizona Department of Insurance ("ADI")] as its attorney to receive service of legal process issued against it in this state." The statute further notes that "[e]ach foreign or alien insurer at the time of application for a certificate of authority shall file with the director the name and address of a designated person to whom process against it served upon the director is to be forwarded." A.R.S § 20-221(C). Nucor served its complaint on the Director on February 24, 2012. The Director promptly forwarded the complaint to Wausau. Wausau received the Complaint on February 28, 2012, and then filed its Notice of Removal on March 29, 2012, exactly 30 days after it received the Complaint. Nucor contends, however, that the statutory period begins running at the time process is served on the Director and not at the time it is received by the defendant.

Title 28 U.S.C. § 1446(b) states, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Neither the circuits nor

the District of Arizona have opined on this issue.[3] At least two courts have determined that the 30-day period begins when the pleading is served on the statutory agent. *Ross v. Scottsdale Ins. Co.*, 4:10-CV-1499 DDN, 2010 WL 4810211 (E.D. Mo. Nov. 19, 2010)*; Ortiz v. Biscanin*, 190 F. Supp. 2d 1237 (D. Kan. 2002). Nonetheless, the overwhelming weight of the authority is that "where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process." *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002) (noting that this is the result reached by "almost every district court that has recently addressed the issue"). *See, e.g., Pilot Trading Co. v. Hartford Ins. Group*, 946 F. Supp. 834, 836 (D. Nev. 1996); *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc.,* 166 F. Supp. 2d 511, 513 (E.D. La. 2001); *Auguste v. Nationwide Mutual Ins. Co.,* 90 F. Supp. 2d 231, 232 (E.D.N.Y. 2000); *Monterey Mushrooms, Inc. v. Hall,* 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998); *Wilbert v. Unum Life Ins. Co.,* 981 F. Supp. 61, 63 (D. R.I. 1997); *Medina v. Wal-Mart Stores, Inc.,* 945 F. Supp. 519, 520 (W.D.N.Y. 1996); *Taphouse v. Home Ins. Co.,* 885 F. Supp. 158, 161 (E.D. Mich. 1995); *Skidaway Assocs., Ltd. v. Glens Falls Ins. Co.,* 738 F. Supp. 980, 982 (D. S.C. 1990).

Nucor argues that the instant case is distinguishable from many of the cases cited

---

[3] Nucor cites *Cachet Residential Builders, Inc. v. Emini Ins. Co.* for the proposition that the 30-day requirement to file a notice of removal begins upon formal service of process. 547 F. Supp. 2d 1028, 1031 (D. Ariz. 2007). *Cachet*, however, is a case involving a defendant which was on notice of the plaintiff's complaint but which had not yet been served. The court held that "actual notice is not sufficient to trigger Section 1446(b)'s removal requirements" but rather that formal service of process is required. *Id.* at 1032. *Cachet* did not address the issue of statutory agents.

- 10 -

by Wausau because they "involv[e] service under a nonresident motorist statute." (Doc. 27 at 15). Unlike nonresident motorists, foreign insurers are required to provide their statutory agent with the name and address of a person to whom process can be forwarded. *See* A.R.S § 20-221(C). Therefore, insurers are more likely to know who their statutory agent is and their statutory agent is more likely to forward process to the correct address. Nonetheless, insurers, like non-resident motorists, are subject to the efficiency, or lack thereof, of the agent appointed for them by the state. Accordingly, the Court adopts the majority view that the 30-day period during which a foreign insurer may remove an action to federal court begins at the time the insurer receives the service of process from the Director and not at the time the Director is served. The Court will not remand this action for untimeliness.

**CONCLUSION**

Plaintiff has joined breach of contract and bad faith claims with its action for declaratory relief and therefore the Court will not remand this action on *Brillhart* grounds. In addition, the parallel state-court action will not resolve many of the issues in the instant action and therefore the *Colorado River* doctrine does not apply. Defendant's notice of removal was timely.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand (Doc. 15) is **DENIED**.

Dated this 7th day of August, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge