**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nucor Corporation, | ) | No. CV-12-678-PHX-SMM |
| Plaintiff, | ) | **MEMORANDUM OF DECISION AND ORDER** |
| v. | ) | |
| Employers Insurance Company of Wausau, | ) | |
| Defendant. | ) | |
| Employers Insurance Company of Wausau, | ) | |
| Counter-claimant, | ) | |
| v. | ) | |
| Nucor Corporation, Hartford Accident & Indemnity Company, and Travelers Casualty & Surety Company, | ) | |
| Counter-defendants. | ) | |

Before the Court are several related motions:

(1) Counter-defendant Travelers Casualty and Surety Company's Motion for Summary Judgment Re: Equitable Contribution (Doc. 80);

(2) Defendant/Counter-claimant Employers Insurance Company of Wausau's Motion for Partial Summary Judgment (Doc. 83);

(3) Counter-defendant Hartford Accident and Indemnity Company's Motion for

1  Summary Judgment Re: Equitable Contribution (Doc. 85);

2      (4)  Plaintiff/Counter-defendant Nucor Corporation's Cross Motion for Partial

3  Summary Judgment (Doc. 124); and

4      (5) Defendant/Counter-claimant Employers Insurance Company of Wausau's Motion

5  to Strike (Doc. 125).

6      The motions are fully briefed.  (Docs. 115, 118, 120, 127, 129, 132, 135, 136.)  After

7  considering the parties' briefing, and having determined that oral argument is unnecessary,[1]

8  the Court issues the following ruling.

9                                **BACKGROUND**

10     This insurance coverage dispute arose from a federal environmental liability lawsuit

11  filed against Plaintiff/Counter-defendant Nucor Corporation ("Nucor").   In 2010, the

12  Roosevelt Irrigation District ("RID") filed suit against Nucor alleging that Nucor and dozens

13  of other potentially responsible parties ("PRPs") are responsible for releasing pollutants into

14  Phoenix groundwater from the 1960s to the 1980s, resulting in contamination to wells owned

15  and operated by RID.  The underlying suit (hereafter referred to as the "RID action" or "RID

16  suit") seeks recovery of the costs associated with remediation of the groundwater

17  contamination and damage to RID's real property.

18     **A.    Previous related litigation against Nucor.**

19     For slightly over four years in the 1960s, Nucor owned and operated a manufacturing

20  facility located on West Osborn Road in Phoenix, Arizona (hereafter "the Site" or "the WOR

21  facility"), where it manufactured electronic components.  (Doc. 1-1 at 2-3.)  As part of its

22  manufacturing process, Nucor used a solvent called trichloroethylene ("TCE") to clean and

23  degrease parts, tools, and machines.  (Id. at 3.)  During the 1980s, TCE was discovered in the

24  groundwater in the west-central area of Phoenix.  (Id.)  As a result, Nucor has been sued in

25

26      [1] The parties' request for oral argument is denied because the parties have had an
27  adequate opportunity to present their written arguments, and oral argument will not aid the
    Court's decision. See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev., 933 F.2d
28  724, 729 (9th Cir. 1991).

four separate lawsuits, including most recently the RID action.  (Id.)  The four lawsuits are:

> (1)    An enforcement action brought by the Arizona Department of Environmental Quality ("ADEQ");
> (2)    the Baker v. Motorola, et al., class action lawsuit (hereafter "Baker") alleging property damage and medical surveillance claims;
> (3)    the consolidated lawsuit Lofgren v. Motorola, et al. (hereafter "Lofgren"), which consisted of individuals alleging personal injury; and
> (4)    the RID action.

(Id.)  Nucor retained the law firm of Fennemore Craig to defend it in connection with all four lawsuits.  (Id. ¶ 16.)

Defendant Employers Insurance Company of Wausau (hereafter "Wausau") issued four primary liability insurance policies to Nucor for the period from January 1, 1968 to January 1, 1972.  (Doc. 84 ¶ 1.)  Each of the Wausau policies at issue in this case included the following provision:

> [T]he company [Wausau] shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

(Id.)

Defendant Travelers Casualty & Surety Company (hereafter "Travelers") issued five primary liability insurance policies to Nucor for the period from January 1, 1961 to January 1, 1966, and ten primary liability insurance policies for the period from January 1, 1975 to January 1, 1985.  (Id. ¶ 2.) Defendant Hartford Accident and Indemnity Company (hereafter "Hartford") issued three primary liability insurance policies to Nucor for the period from January 1, 1972 to January 1, 1975.  (Id. ¶ 3.)

In 1997, Nucor filed a coverage action in Maricopa County Superior Court against insurers who provided liability insurance to Nucor in the 1960s to 1980s (hereafter referred to as "Nucor I").  (Doc. 84 ¶ 25.)  In Nucor I, which was litigated over the course of 13 years, Nucor argued that the environmental claims arising out of the alleged contamination at the

1   WOR facility involved a continuous trigger of coverage and thus involved their insurers from
2   1961 to 1984. (Id.) The state court issued final judgments in Nucor I in 2010; the judgments
3   were subsequently appealed to the Arizona Court of Appeals, which issued a published
4   opinion and an unpublished memorandum decision on November 23, 2010. (Id.) Nucor filed
5   a petition for review with the Arizona Supreme Court as to two rulings of the appellate court,
6   but neither of the issues Nucor appealed are relevant to the issues presented by the motions
7   currently before this Court. (Id.)

8          One of the central issues of dispute in Nucor I was the extent of Nucor's primary
9   insurers' obligation to contribute to the payment of Nucor's defense costs in the various
10  environmental actions that had been brought against Nucor. (Id. ¶ 26.) In 2005, During the
11  pendency of Nucor I, but prior to the entry of judgment, Nucor entered into settlement
12  agreements with both Travelers and Hartford. (Id.) The settlement between Nucor and
13  Travelers provided that Travelers' payment to Nucor would "exhaust all coverage potentially
14  available to Nucor under the Policies for Environmental Contamination Claims Arising out
15  of the [WOR] Site." (Doc. 81 ¶ 11.)

16         The settlement between Nucor and Hartford provided that in exchange for the
17  payment by Hartford, Nucor "fully and forever releases and discharges Hartford from Claims
18  . . . that Nucor has or may have against Hartford with respect to . . . the Nucor Policies. . . .
19  Furthermore, by virtue of the foregoing releases, Hartford shall have no duty to defend or
20  indemnify Nucor with respect to any Claim." (Doc. 87 ¶ 9.) The Hartford settlement also
21  stated that "[t]he Parties agree that the Settlement Sum will exhaust any and all potentially
22  applicable limits of all Hartford Accident and Indemnity Company primary policies issued
23  to Nucor." (Id. ¶ 10.)

24         **B.     The RID Action**

25         On September 11, 2009, Nucor notified Wausau that it had received a demand letter
26  and a draft complaint from RID alleging that Nucor was a PRP for groundwater pollution that
27  impacted wells owned and operated by RID. (Id. ¶ 5.) On November 2, 2009, Wausau sent
28  a reservation of rights letter to Nucor, reserving its rights to assert possible coverage defenses

as to whether the RID suit constituted a claim for "damages" for "property damages" and whether there was an "occurrence" as defined by the policies. (Id. ¶ 7.) In the letter, Wausau also wrote that if Nucor were served with a lawsuit, it should notify Wausau "so that if appropriate [Wausau] may appoint counsel to defend Nucor's interests." (Id.)

RID filed its complaint in the underlying action against Nucor and other defendants in February 2010, and thereafter filed and served a First Amended Complaint in July 2010. (Id. ¶¶ 8-9.) RID's complaint describes the nature of the action as follows:

> "This is a civil action brought against the Defendants under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, et seq. ("CERCLA"), for the recovery of costs incurred by RID in responding to the Defendants' release or threatened release of hazardous substances into groundwater that impacts or threatens to impact wells owned and operated by RID, as well as for damages to property owned by RID."

(Id. ¶ 9.) On November 11, 2011, Wausau withdrew its right to deny coverage to the extent Nucor's liability arose from intentional acts or it expected or intended any property damage. (Id. ¶ 10.)

As stated above, Nucor retained Fennemore Craig to handle its defense in the RID action. (Id. ¶ 13.) Fennemore Craig was simultaneously retained by three other defendants to represent them in the RID action – Kinder Morgan G.P., Inc., BP West Coast Products, LLC, and BNSF Railway Company. (Id. ¶ 14.) Wausau expressed to Nucor its concerns with Fennemore Craig's representation of multiple defendants in the RID action. (Id. ¶ 15.)

For the period from the hiring of Fennemore Craig for the RID action through June 2011, Nucor sought from Wausau reimbursement of defense costs totaling $601,462, which included "Nucor only" attorneys' fees of $461,326, and additional fees of $140,136 representing Nucor''s 25% share of additional amounts billed by Fennemore Craig for work the firm performed jointly on behalf of Nucor and the three other RID action defendants. (Id. ¶ 17.) Wausau has to-date paid for a portion of the defense bills submitted by Nucor, but has not paid amounts it deems excessive or unreasonable, nor paid amounts for Nucor's share of fees billed by Fennemore Craig for work performed jointly on behalf of Nucor and the three

1   other RID defendants.  (Id. ¶ 18.)

2          On November 11, 2011, Wausau informed Nucor that it wished to exercise its right

3   under the policies to appoint defense counsel for Nucor in the RID action, and informed

4   Nucor that it had retained attorney Kevin Neal of the firm Jones, Skelton & Hochuli, P.L.C.

5   to handle Nucor's defense.  (Id. ¶ 19.)  Wausau informed Nucor that it would pay the

6   necessary and reasonable fees of the Fennemore Craig firm through November 30, 2011, and

7   also informed Nucor that Wausau would not object if it wished to continue to retain

8   Fennemore Craig as associate defense counsel in the RID action at Nucor's own expense.

9   (Id. 19.)  Nucor objected to Wausau's attempt to appoint defense counsel.  (Id. ¶ 20.)

10         Wausau also requested that Nucor tender the defense of the RID suit to its other

11  insurers, including Hartford and Travelers.  (Id. ¶ 21.)  On March 17, 2010, Nucor notified

12  Wausau that it had not tendered the RID suit to any other insurers and that it refused to do

13  so in light of settlement agreements Nucor had entered into with Hartford and Travelers.

14  (Id.)  Subsequently, Wausau notified Hartford and Travelers about the RID action and

15  requested that they pay a share of Nucor's defense costs.  (Id.)  Hartford and Travelers have

16  refused to pay any of Nucor's defense costs in the RID action, on the grounds that they have

17  no obligation to contribute to Nucor's defense costs based upon the settlement agreements

18  they reached with Nucor in connection with previous environmental claims.  (Id. ¶ 22.)

19         Nucor brought this case against Wausau asserting claims for declaratory relief, breach

20  of contract, and breach of the covenant of good faith and fair dealing.  (Doc. 1-1 at 20-26.)

21  For its claim of declaratory relief, Nucor seeks declaration that, *inter alia*: Wausau has a duty

22  to defend Nucor in the RID suit; Wausau is obligated to provide Nucor with a complete

23  defense to every claim in the RID suit; Nucor has the right to designate counsel of its

24  choosing to defend the RID suit; and Wausau must reimburse Nucor for all reasonable and

25  necessary defense costs.  (Id. at 22-23.)

26         Wausau answered Nucor's complaint, and asserted four counterclaims: (1) for

27  declaratory relief against Nucor regarding Wausau's right to appoint defense counsel in the

28  RID suit; (2) for declaratory judgment that Nucor breached the cooperation provision of the

insurance policies issued by Wausau; (3) for equitable contribution against Hartford and Travelers; and (4) for declaratory relief against Nucor, Hartford, and Travelers regarding the rights and responsibilities of Hartford, Travelers, and Nucor to pay for defense costs incurred in the RID action.  (Doc. 5 at 15-17.)

## LEGAL STANDARD

### I.      Motions for Partial Summary Judgment

Upon motion at any time, a party defending against a claim may move for "partial summary judgment," that is, "summary judgment in the party's favor as to . . . any part thereof."  Fed. R. Civ. P. 56(b).  A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law determines which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.  The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  Celotex, 477 U.S. at 323-24.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994).  The moving party need not disprove matters on which the opponent has the burden of proof at trial.  See Celotex, 477 U.S. at 317.  The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); see

1   Matsushita Elec. Indus. Co. v.Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda
2   Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

3       **II.    Equitable Contribution**

4       A federal court sitting in diversity applies state substantive law. See Hambleton Bros.
5   Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1227 (9th Cir. 2005).  Thus, this
6   Court applies Arizona law to the interpretation of the insurance contracts at issue. See
7   Benevides v. Arizona Prop. & Cas. Ins. Guar. Fund, 184 Ariz. 610, 613, 911 P.2d 616, 619
8   (App. 1995).

9       Under Arizona law, an insurer has a duty to "defend the insured against any claim
10  'potentially covered by the policy.'"   Pueblo Santa Fe Townhomes Owners' Ass'n v.
11  Transcon. Ins. Co., 218 Ariz. 13, 19, 178 P.3d 485, 491 (App. 2008).  The language of the
12  insurance policy controls the scope and extent of the insurer's duty to defend.  Cal. Cas. Ins.
13  Co. v. State Farm Mut. Auto. Ins. Co., 185 Ariz. 165, 168, 913 P.2d 505, 508 (App. 1996).
14  The duty to defend arises "at the earliest stages of the litigation and generally exists
15  regardless of whether the insured is ultimately found liable." Regal Homes, Inc. v. CNA Ins.,
16  217 Ariz. 159, 164, 171 P.3d 610, 615 (App. 2007).  The duty to defend focuses on the facts
17  alleged rather than the legal characterization of the causes of actions alleged in the complaint
18  against the insured.  Kepner v. Western Fire Ins. Co., 109 Ariz. 329, 331, 509 P.2d 222, 224
19  (1973).

20      Generally, an insurer must contribute to the defense costs borne by another insurer in
21  defending their mutual insured.  Nat'l Indem. Co. v. St. Paul Ins. Co., 150 Ariz. 458, 459,
22  724 P.2d 544, 545 (1986).  To determine whether an insurer will be required to contribute
23  to another insurer's payment of costs on behalf of an insured, Arizona courts apply a four-
24  part test: "the policies must cover (1) the same parties, (2) in the same interest, (3) in the
25  same property, [and] (4) against the same casualty."  Granite State Ins. Co. v. Emp'rs Mut.
26  Ins. Co., 125 Ariz. 275, 278, 609 P.2d 90, 93 (App. 1980).

27

28

**DISCUSSION**

**I.      Wausau's Motion to Strike Nucor's Cross-Motion**

On May 25, 2013, Nucor filed its "Opposition to Employers Insurance Company of Wausau's Motion for Partial Summary Judgment Concerning Right to Select Independent Counsel and Cross-motion for Partial Summary Judgment." (Doc. 124.)  On April 8, 2013, Wausau filed its Reply in support of its motion for partial summary judgment, and its motion to strike Nucor's cross-motion. (Doc. 125.)  Wausau moves to strike Nucor's cross-motion on grounds that it violates the Court's case management order that all motions for summary judgment on defense-related issues and Wausau's right to equitable contribution be filed no later than February 25, 2013.  (Id. at 6.)

Although Rule 16(f), FED.R.CIV.P., authorizes sanction against a party for failure to obey a scheduling order, the Court will deny Wausau's motion to strike.  Nucor's cross-motion, filed simultaneously with its Response to Wausau's motion for partial summary judgment, concerns the same issue as that raised in Wausau's motion – whether Wausau has the right to appoint Nucor's defense counsel in the RID action.  Wausau has responded to Nucor's cross-motion, the parties rely on the same factual evidence in support of their respective motions, and Wausau has alleged no injury to any substantial right. (See Rule 61, FED.R.CIV.P.)  Thus, there is no prejudice to Wausau in allowing the issue to be fully briefed before the Court, and Nucor's technical delay in filing the cross-motion was harmless.  Thus, the motion to strike will be denied.

**II.     Wausau and Nucor's Cross-motions for Partial Summary Judgment Re: Wausau's Right to Select Defense Counsel**

Wausau moves for partial summary judgment in its favor on the issue of whether Wausau has the right to appoint its own counsel to defend Nucor in the RID action.  (Doc. 83 at 7.)  Nucor moves for partial summary judgment in its favor on the same issue.  (Doc. 124.)

Wausau argues that summary judgment in its favor on this issue is appropriate on the grounds that Arizona law confers upon an insurer the right to appoint defense counsel for the

1    insured, even where the insurer is defending under a reservation of rights. (Doc. 83 at 12-

2    15.)   Nucor argues that summary judgment should be entered in its favor, on three

3    independent grounds: (1) that Arizona law provides no such absolute right to an insurer; (2)

4    that even if such a right existed, Wausau has waived that right by its use and reliance upon

5    Fennemore Craig in the RID action for an extended period of time and by its lengthy delay

6    in seeking to compel Nucor's use of different counsel; and (3) that Wausau is estopped from

7    belatedly attempting to exercise a right to appoint counsel because of the prejudice to Nucor

8    that would result. (Doc. 124 at 7-17.)

9          Typically, when a defense is provided by a liability insurer, "as part of the insurer's

10   obligation to provide for the insured's defense, the policy grants the insurer the right to

11   control that defense – which includes the power to select the lawyer that will defend the

12   claim." Paradigm Ins. Co. v. The Langerman Law Offices, P.A., 200 Ariz. 146, 149, 24 P.3d

13   593, 596 (2001) (citations omitted). However, where an insurer accepts the duty to defend

14   under a reservation of rights, it "relinquishes to the insured control of the litigation." United

15   Services Auto. Ass'n v. Morris, 154 Ariz. 113, 119, 741 P.2d 246, 252 (1987). "An insured

16   that is notified of its insurer's reservation of rights is on notice of the conflict of interest and

17   is free, upon proper notice to the insurer, to act to protect its rights in the litigation with the

18   claimant." Pueblo Santa Fe Townhomes Owners' Ass'n v. Transcontinental Ins. Co., 218

19   Ariz. 13, 19, 178 P.3d 485, 491 (App. 2008).

20         The Court agrees with Wausau that there is no support in Arizona case for the blanket

21   proposition that an insurer defending under a reservation of rights loses its right to appoint

22   defense counsel for its insured. Although the courts in Morris and Pueblo Sante Fe indicated

23   that an insurer defending under a reservation of rights loses some of its contractual rights to

24   control the defense of an insured, neither of those opinions, nor any other Arizona case that

25   the Court has found, addressed the specific issue of whether an insurer loses its right to

26   appoint defense counsel.

27         Thus, in the absence of any authority in support of Nucor's claim that it has a right to

28   appoint its own defense counsel, the Court finds that Wausau has a contractual right under

the insurance policies to appoint defense counsel in the underlying RID action.

Nucor argues, however, that even if Wausau does have this right, it has waived the right by failing to attempt to select independent counsel in a timely manner. (Doc. 124 at 13.)  In support of this argument Nucor notes the following undisputed facts.  Nucor first tendered the RID claim to Wausau in September 2009, after receiving a demand letter and draft complaint. (Doc. 84 ¶ 5.)  On July 16, 2010, Fennemore Craig provided Wausau with an update on recent developments in the RID litigation.  (Doc. 124-1 at 23.)  Wausau responded to this communication from Fennemore Craig by requesting "an outline as to defense strategy," and stating that it should "include identification of the defense team and corresponding responsibilities, as well as a budget.  We'd like to get a handle on the direction and projected costs of this litigation."  (Id.)

The RID complaint was filed against Nucor on July 29, 2010; On August 13, 2010, Fennemore Craig provided to Wausau some of the information requested in the July 16 communication, gave further update on the RID suit, and tendered the official RID complaint. (Id.)  On October 19, 2010, Wausau thanked Fennemore Craig for the August 13 letter, noted that Fennemore Craig had "significant background and knowledge of the [WOR] site, particularly with regards to the Nucor plume," and requested additional information from Fennemore. (Id. at 24.)  Fennemore Craig provided to Wausau the requested additional information on December 6, 2010.  (Id.)  It was not until November 11, 2011, that Wausau informed Nucor that it had decided to exercise its right under the policies to appoint defense counsel for Nucor in the RID action. (Doc. 84 ¶ 19.)

Waiver is the voluntary relinquishment of a known right or conduct warranting an inference that such a right has been relinquished. Services Holding Co., Inc. v. Transamerica Occidental Life Ins. Co., 180 Ariz. 198, 207, 883 P.2d 435, 444 (App. 1994). "Waiver of right requires a clear showing of an intent to waive that right.  Intent to waive, however, may be inferred from conduct." Id. at 206, 883 P.2d at 444 (internal citations omitted).  Waiver is a question of fact to be determined by the trier of fact.  Chaney Bldg. Co., Inc. v. Sunnyside School Dist. No. 12, 147 Ariz. 270, 273, 709 P.2d 904, 907 (App. 1985).

1   Wausau argues that the facts do not establish that it waived its right to appoint defense

2   counsel for Nucor in the RID action.  (Doc. 125 at 11.)  However, Wausau neglects to

3   address the settled legal reality that whether Nucor could infer waiver from Wausau's

4   conduct is a question of fact for the trier of fact.  The Court finds that Nucor has raised

5   sufficient evidence to establish a genuine dispute of material fact by which waiver could be

6   found.  It is undisputed that Wausau had multiple communications with Fennemore Craig

7   concerning Nucor's defense in the RID action, spanning a time period of over a year.  It is

8   further undisputed that Nucor did not attempt to assert its right to appoint counsel at any time

9   prior to November 11, 2011, nearly two years after Wausau first received notice of the RID

10  demand letter and draft complaint against Nucor.  These facts, viewed in the light most

11  favorable to the nonmoving party, are sufficient to raise a genuine dispute, and thus summary

12  judgment against Nucor's claim of waiver is inappropriate.

13      The Court also finds, however, that summary judgment in Nucor's favor is similarly

14  inappropriate, because Wausau disputes Nucor's inferences from the facts, and raises facts

15  by which a reasonable trier of fact could find that it did not waive its right to appoint counsel.

16  As Wausau notes, after it received notice of the potential RID suit in September 2009, it sent

17  a reservation of rights letter to Nucor on November 2, 2009 confirming that if Nucor were

18  served with a lawsuit, it should notify Wausau "so that if appropriate, we may appoint

19  counsel to defend Nucor's interest."  (Doc. 84 ¶ 7.)  Further, Wausau notes that the RID

20  action was not officially filed or tendered to Wausau until July, 2010, and that up to the

21  present very little litigation has been conducted in the RID action.  (Doc. 84¶ 9; Doc. 125 at

22  9.)  Thus, Wausau argues, Nucor could not reasonably have inferred that the delay between

23  tender of the RID suit and Wausau's attempt to appoint counsel amounts to a showing of

24  intentional waiver.

25      The Court agrees that a reasonable jury could find that waiver cannot be inferred from

26  Wausau's conduct.  Accordingly, this remains a factual question for the trier of fact, and may

27  not be disposed of on summary judgment.

28      Nucor argues next, however, that summary judgment is appropriate because Wausau

is estopped from exercising its right to appoint counsel.  (Doc. 124 at 15.)  According to Nucor, Wausau is estopped because it previously consented to Nucor's retention of Fennemore Craig in previous suits brought against Nucor for pollution at the WOR site, and by the same conduct Nucor points to above in support of its argument that Wausau has waived its right to appoint counsel.  (Id.)

Estoppel occurs when one party, by its conduct, induces another to believe and have confidence in certain material facts, which inducement results in justifiable reliance thereon, resulting in injury to the person thus relying.  Pueblo Santa Fe, 218 Ariz. at 21, 178 P.3d at 493.  Nucor asserts that it relied on Wausau's conduct in approving the retention of Fennemore Craig, and will be prejudiced if Nucor is now allowed to substitute new, inexperienced counsel in place of Fennemore Craig, which has been defending Nucor in suits concerning its operation of the WOR facility for more than 20 years.  Wausau argues that it is not estopped from appointing counsel because the undisputed facts do not support a showing of prejudice – according to Wausau, Nucor cannot demonstrate that it will suffer any prejudice if Jones Skelton is appointed to handle the RID action because there is no reason to assume that Jones Skelton will be unable to assimilate and use the information and work product Nucor and Fennemore Craig have developed to assist in the defense of the RID action.  (Doc. 125 at 13.)

The Court finds that the undisputed facts, viewed in the light most favorable to the non-moving party (which in the case of cross-motions for summary judgment, as here, is both parties), could reasonably support a finding in either party's favor.  The question of whether Nucor will be prejudiced by Wausau's attempt to substitute counsel at this stage in the RID action is a question for the jury, and the undisputed facts can reasonably be interpreted either way.  Thus, a genuine issue of material fact exists for the trier of fact.

For these reasons, the Court will deny both the cross-motions for partial summary judgment on the issue of whether Wausau maintains the right to appoint Nucor's defense counsel in the RID action.  Although the Court agrees with Wausau that it has a contractual right to appoint defense counsel for Nucor, the Court finds that Nucor has raised sufficient

1  facts by which a reasonable trier of fact could conclude that Nucor has waived that right or

2  is estopped from asserting that right.

3      **III.    Wausau and Counter-Defendants' Cross-motions for Summary Judgment
           Re: Equitable Contribution**

4

5          Wausau moves for partial summary judgment in favor of its counterclaim for

6  equitable contribution from Travelers and Hartford for Wausau's defense of Nucor in the

7  RID action.  (Doc. 83 at 16.)  Travelers and Hartford simultaneously move for summary

8  judgment against Wausau's counterclaim.  (Docs. 80, 85.)

9          Travelers and Hartford both argue that summary judgment in their favor is appropriate

10  because Wausau's claim for equitable contribution from them fails as a matter of law.

11  According to Travelers and Hartford, the settlement agreements they each entered into with

12  Nucor in <u>Nucor I</u> fully exhausted any liability they may have had under the insurance policies

13  for any future claims against Nucor arising from environmental contamination at the WOR

14  facility.  Thus, they argue that they have no obligation, real or potential, to defend Nucor in

15  the RID suit, and thus that Wausau has no claim for equitable contribution.

16          Wausau argues next that the settlement agreements do not operate to preclude

17  equitable contribution from Hartford and Travelers for Nucor's defense in the RID action

18  because even where an insurer tenders its full policy limits to the insured, its obligation to

19  contribute to the defense of the insured is not extinguished.  (Doc. 83 at 18.)  In support of

20  this claim, Wausau cites to <u>California Cas. Ins. Co. v. St. Farm Mut. Auto. Ins. Co.</u>, 185 Ariz.

21  165, 913 P.2d 505 (App. 1996.)

22          Wausau's reliance on this case is misplaced, however; there, the Arizona Court of

23  Appeals was considering whether the insurer was immune from a claim for equitable

24  contribution after the insurer had made a full payment under its insured's liability policy.  <u>Id.</u>

25  The insurer in that case did not, however, obtain a settlement agreement with its insured

26  discharging its duty to defend.  <u>Id.</u>  Indeed, in finding that the insurer was still exposed to

27  potential claims for equitable contribution from other insurers of their mutual insured, the

28  court noted that "most decisions from other jurisdictions that have construed language similar

1  to that on which [the insurer] relies have held that a liability insurer's payment of its full

2  policy limits discharges its duty to defend a claim against the insured *only* if made pursuant

3  to a settlement or in full or partial satisfaction of a judgment entered on the claim against the

4  insured." Id. at 168, 913 P.2d at 508 (emphasis in original); see also Anderson v. United

5  States Fidelity & Guar. Co., 177 Ga.App. 520, 339 S.E.2d 660, 661 (1986) (term "exhaust"

6  does not mean paying policy limits into court without insured's consent, but rather paying

7  settlement or judgment that entirely depletes policy limits); Samply v. Integrity Ins. Co., 476

8  So.2d 79, 83-84 (Ala. 1985) (insurer could not avoid duty to defend by tendering payment

9  of policy limits without settlement or insured's consent).

10         The Court agrees with Travelers and Hartford that the settlement agreements they

11  entered into with Nucor in 2005 extinguished their duty to defend or indemnify Nucor for

12  any and all claims relating to groundwater contamination at the WOR facility.  This is not

13  a case where Travelers and Hartford seek to avoid their duty to contribute to Nucor's defense

14  by unilaterally paying policy limits to the insured and then disavowing the duty to defend.

15  Rather, this is a case where after years of litigation over Travelers' and Hartford's coverage

16  obligations to Nucor, those parties entered into a settlement agreement whereby those

17  insurers made settlement payments to Nucor in exchange for Nucor's agreement to discharge

18  those insurers from any and all further liability or defense obligation toward Nucor in relation

19  to environmental contamination claims in connection with Nucor's operation of the WOR

20  facility.

21         The plain language of the specific settlement between Nucor and Travelers provided

22  that the agreement would "exhaust all coverage potentially available to Nucor under the

23  Policies for Environmental Contamination Claims Arising out of the [WOR] Site." (Doc. 81

24  ¶ 11.)  The agreement between Nucor and Hartford, as well, provided that Nucor "fully and

25  forever releases and discharges Hartford from Claims . . . that Nucor has or may have against

26  Hartford with respect to . . . the Nucor Policies. . . . Furthermore, by virtue of the foregoing

27  releases, Hartford shall have no duty to defend or indemnify Nucor with respect to any

28  Claim." (Doc. 87 ¶ 9.)  The Hartford settlement also stated that "[t]he Parties agree that the

1   Settlement Sum will exhaust any and all potentially applicable limits of all Hartford Accident

2   and Indemnity Company primary policies issued to Nucor." (Id. ¶ 10.)

3          As such, these two insurers have no liability to Nucor under the policies in connection

4   with the RID action, which did not arise until 2009, and was not filed until 2010.

5   Accordingly, Nucor has no right to a defense from Travelers or Hartford in the RID action,

6   and Wausau, in turn, has no right to equitable contribution from Hartford or Travelers for

7   Wausau's costs defending Nucor in the RID action.

8          The Court thus finds that this issue is appropriate for summary judgment: the Court

9   will deny Wausau's motion for partial summary judgment of its counterclaims against

10  Travelers' and Hartford for equitable contribution, and the Court will grant Travelers' and

11  Hartford's cross-motions for summary judgment against Wausau's counterclaims.

## CONCLUSION

13         Accordingly, for the foregoing reasons,

14         **IT IS HEREBY ORDERED denying** Wausau's Motion for Partial Summary

15  Judgment.  (Doc. 83.)

16         **IT IS FURTHER ORDERED denying** Wausau's Motion to Strike.  (Doc. 125.)

17         **IT IS FURTHER ORDERED denying** Nucor's Cross-Motion for Partial Summary

18  Judgment.  (Doc. 124.)

19         **IT IS FURTHER ORDERED granting** Travelers' Motion for Summary Judgment

20  Re: Equitable Contribution.  (Doc. 80.)

21         **IT IS FURTHER ORDERED granting** Hartford's Motion for Summary Judgment

22  Re: Equitable Contribution.  (Doc. 85.)

23         **IT IS FURTHER ORDERED** pursuant to the Court's case management order of

24  November 19, 2012 (Doc. 78), that the deadline for completing fact discovery shall be 180

25  days from the date of entry of this Order.

26         DATED this 27th day of September, 2013.

27

28  _____
    Stephen M. McNamee
    Senior United States District Judge